**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LIAM FITZGERALD,**

**Plaintiff,**

**v.** **Case No.:**

**EDDIES BAY PINES, INC.,**

**Defendant.**
______________________________/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Liam Fitzgerald ("Mr. Fitzgerald") by and through his undersigned counsel, brings this action against Defendant Eddies Bay Pines, Inc. ("Eddies") for unlawful retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.01-760.11.

## PRELIMINARY STATEMENT

1. Eddies hired Mr. Fitzgerald as its General Manager and he performed his job well. When Eddies directed Mr. Fitzgerald to fire a bartender solely because of her age, he objected that doing so would be unlawful age discrimination and refused to carry out the directive. Days later Eddies fired Mr. Fitzgerald in retaliation for his refusal and opposition. Mr. Fitzgerald brings this action to recover his lost wages and benefits, reinstatement or front pay, liquidated damages, compensatory and punitive damages, and his attorneys' fees and costs.

## JURISDICTION

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, namely the ADEA, 29 U.S.C. §§ 621-634.

3. This Court has supplemental jurisdiction over Mr. Fitzgerald's related claim arising under Florida law pursuant to 28 U.S.C. § 1367(a) because that claim arises from the same facts and forms part of the same case or controversy.

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—including Mr. Fitzgerald's employment, the unlawful directive, his opposition, and his termination—occurred in Pinellas County, Florida, which lies within the Tampa Division of the Middle District of Florida.

5. Eddies also resides in this district within the meaning of 28 U.S.C. § 1391(b)(1) and (c)(2).

## CONDITIONS PRECEDENT

6. On July 16, 2025, Mr. Fitzgerald timely filed a Charge of Discrimination (Charge No. 15H-2025-00033) alleging age discrimination and retaliation, which was dual-filed with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") through the Pinellas County Office of Human Rights. More than sixty days have passed since that charge was filed.

7. On July 29, 2026, the EEOC issued Mr. Fitzgerald a Determination and Notice of Rights advising him of his right to sue.

8. This Complaint is filed within ninety days of Mr. Fitzgerald's receipt of that notice.

9. Mr. Fitzgerald has satisfied all conditions precedent and exhausted all administrative remedies required to bring this action under the ADEA.

10. More than 180 days have elapsed since Mr. Fitzgerald filed his dual-filed charge with the FCHR, and the FCHR has not conciliated or resolved the charge. Mr. Fitzgerald has therefore satisfied all conditions precedent to bringing his claim under the FCRA, Fla. Stat. § 760.11.

## PARTIES

11. Mr. Fitzgerald is an individual who at all relevant times resided in Largo, Pinellas County, Florida.

12. Mr. Fitzgerald is an "employee" within the meaning of the ADEA, 29 U.S.C. § 630(f), and the FCRA, Fla. Stat. § 760.02(6).

13. Mr. Fitzgerald worked for Eddies as its General Manager at Eddies' restaurant located at 9685 Bay Pines Boulevard, St. Petersburg, Florida.

14. Eddies is a Florida profit corporation with its principal place of business in Dunedin, Florida, and operates a restaurant in St. Petersburg, Pinellas County, Florida.

15. At all relevant times, Eddies was an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b), and the FCRA, Fla. Stat. § 760.02(7), and, upon information and belief, employed twenty or more employees for each working day

in each of twenty or more calendar weeks in the current or preceding calendar year.

**FACTS**

16. Eddies hired Mr. Fitzgerald on or about October 24, 2024 as its General Manager, responsible for the day-to-day operation of its restaurant.

17. Mr. Fitzgerald performed his job competently throughout his employment.

18. Eddies increased his rate of pay during his tenure, from $20.00 per hour to $25.00 per hour, and at no time issued him any written discipline, warning, or performance criticism.

19. Mr. Fitzgerald's immediate supervisor was Michelle Cognetti, a district manager for Eddies.

20. During Mr. Fitzgerald's employment, Eddies, through Ms. Cognetti, instructed Mr. Fitzgerald to terminate a bartender, Kelly O'Brien, solely because of her age. At the time, Ms. O'Brien was 57 years old.

21. Mr. Fitzgerald objected that terminating Ms. O'Brien because of her age would be unlawful age discrimination, and he refused to carry out the directive.

22. On February 27, 2025, shortly after Mr. Fitzgerald refused to fire Ms. O'Brien because of her age and opposed that directive as unlawful, Eddies terminated Mr. Fitzgerald's employment because he objected to and refused to carry out the unlawful termination.

**COUNT I**

**Retaliation in Violation of the Age Discrimination in Employment Act,**

**29 U.S.C. § 623(d)**

23. Mr. Fitzgerald repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

24. Mr. Fitzgerald engaged in protected activity under the ADEA, 29 U.S.C. § 623(d), when he opposed Eddies' directive to terminate Ms. O'Brien because of her age and refused to carry out that directive, objecting that it would constitute unlawful age discrimination.

25. Eddies subjected Mr. Fitzgerald to an adverse employment action by terminating his employment on February 27, 2025.

26. There is a causal connection between Mr. Fitzgerald's protected activity and his termination. Eddies terminated Mr. Fitzgerald within days of his opposition, and his protected activity was the but-for cause of his termination.

27. As a direct and proximate result of Eddies' unlawful retaliation, Mr. Fitzgerald has suffered damages, including past and future lost wages and benefits, and has incurred the costs of bringing this action.

28. Eddies willfully violated Mr. Fitzgerald's rights under the ADEA and is therefore liable for liquidated damages.

**COUNT II**

**Retaliation in Violation of the Florida Civil Rights Act, Fla. Stat. § 760.10(7)**

29. Mr. Fitzgerald repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

30. Mr. Fitzgerald engaged in protected activity under the FCRA, Fla. Stat. § 760.10(7), when he opposed Eddies' directive to terminate Ms. O'Brien because of her age and refused to carry out that directive, objecting that it would constitute unlawful age discrimination.

31. Eddies subjected Mr. Fitzgerald to an adverse employment action by terminating his employment on February 27, 2025.

32. Eddies terminated Mr. Fitzgerald because of his protected activity.

33. As a direct and proximate result of Eddies' unlawful retaliation, Mr. Fitzgerald has suffered damages, including past and future lost wages and benefits, emotional distress and other compensatory harm, and the costs of bringing this action. Eddies acted with malice or reckless indifference to Mr. Fitzgerald's protected rights, entitling him to punitive damages under Fla. Stat. § 760.11(5).

**JURY DEMAND**

34. Plaintiff demands a trial by jury on all claims properly triable by a jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Award Mr. Fitzgerald his past and future lost wages and benefits, plus prejudgment interest;

B. Order Eddies to reinstate Mr. Fitzgerald to a position comparable to his former position or, in lieu of reinstatement, award him front pay and benefits;

C. Award Mr. Fitzgerald liquidated damages under the ADEA for Eddies' willful violation of his rights;

D. Award Mr. Fitzgerald compensatory damages, including for emotional distress, and punitive damages under the Florida Civil Rights Act;

E. Award Mr. Fitzgerald all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Mr. Fitzgerald such additional or alternative relief as the Court deems just and proper.

Dated: October 22, 2026

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack – LEAD COUNSEL
Florida Bar No. 0148430
Michelle Erin Nadeau
Florida Bar No. 0060396
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 (fax)
rbarack@employeerights.com
mnadeau@employeerights.com
Attorneys for Plaintiff Liam Fitzgerald